Adam B. Nach – 013622
Helen K. Santilli – 032441
**LANE & NACH, P.C.**
2001 E. Campbell Ave., Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: helen.santilli@lane-nach.com

*Attorney for Stanley J. Kartchner, Case Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 7 Case) |
| ROY STEWART, | No. 4:19-bk-0042-SHG |
| Debtor. | **TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS** |

Stanley J. Kartchner, Trustee, by and through his attorneys undersigned, herein objects to certain claimed exemptions by Roy Stewart ("**Debtor**"), and respectfully represents as follows:

1. This case was commenced by voluntary petition filed on Janruary 2, 2019.

2. Stanley J. Kartchner is the duly qualified and acting Chapter 7 Case Trustee herein.

3. The §341(a) first meeting of creditors in this case concluded on February 12, 2019.

4. On Schedule A/B, the Debtor discloses real property located at 3662 West Gailey Drive, Tucson, Arizona ("**Real Property**") and on Schedule C exempts the Real Property pursuant to A.R.S. § 33-1101(A).

5. A.R.S. § 33-1101(A) provides a homestead exemption as follows:

> Any person the age of eighteen or over, married or single, who resides within the state may hold as a homestead exempt from attachment, execution and forced sale, not exceeding one hundred fifty thousand dollars in value [. . .] The person's interest in real property in one compact body upon which exists a dwelling house in which the person resides.

6. Here, based on information on the Pinal County Recorder's website, the Debtor does not personally own the Real Property or any portion thereof. Rather, the Stewart Roy Edward Living Trust ("**Trust**") owns the Real Property. Debtor is seeking to exempt his ownership interest in the Trust, but nothing in A.R.S. §33-1101 or any other Arizona exemption statute permits a debtor to exempt an interest in a trust. Likewise, nothing in A.R.S. §33-1101 or any other Arizona exemption statute permits a debtor to exempt property owned by a separate entity.

7. Trustee, accordingly, disputes the Debtor's claimed exemption under the homestead exemption pursuant to §33-1101.

8. On Schedule A/B, the Debtor discloses a whole life insurance policy held by Fidelity and Guaranty Group Insurance Trust ("**Life Insurance Policy**") and on Schedule C exempts the Life Insurance Policy pursuant to A.R.S. § 20-1131.

9. The Debtor's Schedule A/B values the Life Insurance Policy at $1.00 and on Schedule C exempts the $1.00 value. Pursuant to the Debtor's Schedule A/B, the Life Insurance Policy has no cash value.

10. A.R.S. § 20-1131(D) provides the following exemption:

If, for a continuous, unexpired period of two years, a policy of life insurance has named as beneficiary the insured's surviving spouse, child, parent, brother, sister or any other dependent family member, then, in event of bankruptcy or in any proceeding before any court in this state, the cash surrender value of the insurance, in the proportion that the policy names any such beneficiary, shall be exempt from claims and demands of all creditors, other than a creditor to whom the policy has been pledged or assigned, and except that, subject to the statute of limitations, the amount of any premiums which are recoverable or avoidable by a creditor pursuant to title 44, chapter 8, article 1, with interest, shall inure to their benefit from the cash surrender value. For the purposes of this subsection, "dependent" means a family member who is dependent on the insured for not less than half support.

11. According to information provided by the Debtor to the Trustee, the Life Insurance Policy has a present cash surrender value of no less than $34,222.41.

12. Debtor's Schedule A/B does not indicate the beneficiary of the Life Insurance Policy or if the Debtor has had the policy for a continuous, unexpired period of two years.

13. Trustee, accordingly, disputes the Debtor's claimed exemption of the Life Insurance Policy under A.R.S. § 20-1131.

14. On Schedule A/B, the Debtor discloses a "Health Savings Account from previous employer" ("**HSA**") and on Schedule C exempts the HSA pursuant to A.R.S. § 33-1126(A)(4).

15. A.R.S. § 33-1126(A)(4) provides the following exemption:

A. The following property of a debtor is exempt from execution, attachment or sale on any process issued from any court: […] 4. All money, proceeds or benefits of any kind to be paid in a lump sum or to be rendered on a periodic or installment basis to the insured or any beneficiary under any policy of health, accident or disability insurance or any similar plan or program of benefits in use by any employer, except for premiums payable on the policy or debt of the insured secured by a pledge, and except for collection of any debt or obligation for which the insured or beneficiary has been paid under the plan or policy and except for payment of amounts ordered for support of a person from proceeds and benefits furnished in lieu of earnings that would have been subject to that order and subject to any exemption applicable to earnings so replaced.

16. Pursuant to his Schedule A/B, Debtor values the HSA at $11,000.00 and exempts the full $11,000.00 value on Schedule C.

17. The Trustee objects to exemption of the HSA because HSA funds are not money, proceeds, or benefits payable under a policy of health, accident, or disability as required by A.R.S. § 33-1126(A)(4).

18. Trustee, accordingly, disputes the Debtor's claimed exemption in the HSA pursuant

to A.R.S. § 33-1126(A)(4).

19. On Schedule A/B, the Debtor discloses three IRA accounts: (1) IRA: TD Ameritrade Rollover IRA acct*0267; (2) IRA: TD Ameritrade Roth IRA acct*1059; and (3) IRA: Edward Jones Roth IRA acct*95-1-3 (collectively "**IRAs**").

20. On Schedule C, Debtor exempts the full amount of the IRAs pursuant to A.R.S. § 33-1126(B).

21. A.R.S. § 33-1126(B) provides the following exemption:

B. Any money or other assets payable to a participant in or beneficiary of, or any interest of any participant or beneficiary in, a retirement plan under section 401(a), 403(a), 403(b), 408, 408A or 409 or a deferred compensation plan under section 457 of the United States internal revenue code of 1986, as amended, whether the beneficiary's interest arises by inheritance, designation, appointment or otherwise, is exempt from all claims of creditors of the beneficiary or participant…

22. Trustee has requested has requested information from Debtor to determine whether the IRAs are exempt. Trustee has not been provided with the necessary documents and information to properly determine whether the IRAs are exempt. Trustee needs additional time and information to determine if the IRAs are exempt.

23. Trustee, accordingly, disputes the Debtor's claimed exemptions in the IRAs pursuant to A.R.S. § 33-1126(B).

24. On Schedule A/B, the Debtor discloses a "Rental Deposit: CJR Investments, LLC" ("**Deposit**") and exempts it on Schedule C pursuant to A.R.S. § 33-1126(C).

25. A.R.S. § 33-1126(C) provides the following exemption:

C. Any person eighteen years of age or over, married or single, who resides within this state and who does not exercise the homestead exemption under article 1 of this chapter may claim as a personal property homestead exempt from all process prepaid rent, including security deposits as provided in section 33-1321, subsection A, for the claimant's residence, not exceeding two thousand dollars.

26. As stated above, the Debtor has claimed a homestead exemption in the Real Property. Therefore, since the Debtor has exercised his homestead exemption, he is not entitled to also exempt the Deposit.

27. Trustee, accordingly, disputes the Debtor's claimed exemption in the Deposit pursuant to A.R.S. § 33-1126(C).

WHEREFORE, Stanley J. Kartchner, Trustee, respectfully requests that this Court make and enter its Order sustaining the objection to the Debtor's exemptions for the reasons stated herein and, for such other and further relief as this Court deems just and proper

RESPECTFULLY SUBMITTED this 12th day of March, 2019.

**LANE & NACH, P.C.**

By: */s/ Adam B. Nach – 013622*
Adam B. Nach
Helen K. Santilli
*Attorneys for Trustee*

A COPY of the foregoing mailed to:

Roy Stewart
3662 West Gailey Drive
Tucson, Arizona 85741
*Debtor*

WITH A COPY delivered via electronic notification to:

Pamela Faye Trachtman-Allen
My AZ Lawyers, PLLC
1731 West Baseline Road, #101
Mesa, Arizona 85202
Email: pamela@myazlawyers.com
*Attorney for Debtor*

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: Renee.S.Shamblin@usdoj.gov

By /s/ Terie Flowers Turner